IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TEAMSTERS LOCAL 206,

    Petitioner,

v.

MONDELEZ GLOBAL LLC,

    Respondent.

No. 3:23-cv-01131-MO

OPINION AND ORDER

MOSMAN, J.,

This matter comes before me on Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim [ECF 12], filed in response to Petitioner's Petition to Compel Arbitration [ECF 1]. Petitioner responded [ECF 13], to which Respondent replied [ECF 14]. For the following reasons, I DENY Respondent's Motion to Dismiss.

## BACKGROUND

Teamsters Local 206 ("Teamsters") represents employees of Mondelez Global LLC ("Mondelez") who handle finished snack foods at Mondelez's Portland bakery. Pet. [ECF 1] at 3. The employees palletize, load, and prepare snack food products for shipment. *Id.* The parties have a Collective Bargaining Agreement ("CBA"). *Id.* In 2022, Mondelez opened a new fulfillment center in Portland. When Teamsters learned about this fulfillment center, it filed a grievance

1 – OPINION AND ORDER

alleging that Mondelez violated the CBA by opening a new facility "to perform bargaining unit work." *Id.*

On May 19, 2023, Teamsters informed Mondelez of its grievance, stating that "the work being performed at this fulfillment center is, in actuality, bargaining unit work under the representational jurisdiction of Teamsters Local 206 and the existing [CBA]." *See* Pet. [ECF 1-2] Ex. B, at 1. Teamsters asserted that Mondelez "failed to notify, discuss or bargain the implementation of the fulfillment center" and alleged violations of several provisions of the CBA under Articles 1 (Union Security), 8 (Seniority), 16 (Employment Agency Fees), and 20 (Individual Agreements). *Id.*; Pet. [ECF 1-1] Ex. A.

Mondelez replied to Teamsters on May 26, 2023. Pet. [ECF 1-2] Ex. B, at 4. It denied Teamsters' grievance, explaining that it was untimely, the CBA "applies only to work performed by certain . . . employees at the Portland bakery," and the workers at the fulfillment center are not Mondelez employees. *Id.* On May 31, 2023, Mondelez declined to answer most of Teamsters' information requests and explained that the work performed at the fulfillment center has never been performed by bargaining unit members and the fulfillment center "is separate and distinct" from the bargaining unit work done at the Portland bakery. *Id.* at 5. Rather, the fulfillment center is operated by a third party. *Id.* According to Mondelez, the fulfillment center receives products from production facilities all over North America and puts them together into specific orders, then ships the orders to distribution branches. *Id.* Products made at the Portland bakery were shipped to similar fulfillment centers elsewhere in the United States before this fulfillment center was opened. *Id.*

Teamsters informed Mondelez of its intent to arbitrate the matter on June 16, 2023. Pet. [ECF 1-2] Ex. B, at 7. Mondelez replied that the grievance is not arbitrable pursuant to their CBA

2 – OPINION AND ORDER

because the CBA "applies only to work performed by certain . . . employees at the Portland bakery," and workers at the fulfillment center are not Mondelez employees. *Id.* at 8. Teamsters filed its Petition to Compel Arbitration on August 3, 2023 [ECF 1]. Mondelez responded with the Motion to Dismiss at issue here [ECF 12].

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Once a party has moved to dismiss for lack of subject matter jurisdiction, the plaintiff "bears the burden to establish subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the respondent fair notice of the claim and the grounds on which it rests. *Id.*

Review on a motion to dismiss is normally limited to the complaint itself. If the court relies on materials outside the pleadings to make its ruling, it must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But the court may "consider certain materials—documents attached to the complaint, documents incorporated by

reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908; *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## DISCUSSION

**I.    12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Mondelez first argues that this Court lacks subject matter jurisdiction over Teamsters' Petition because the underlying grievance raises a representational issue, not one arising under the CBA. Resp't's Mot. [ECF 12] at 2. Mondelez argues that Teamsters is trying to do an end run around the National Labor Relations Board's jurisdiction of representational issues "under the guise of a contract interpretation dispute." *Id.* I deny this motion because Teamsters' Petition does not raise a representational issue.

The National Labor Relations Board ("NLRB") and federal courts have concurrent jurisdiction over cases arising under Section 301 of the Labor Management Relations Act, including suits for violation of a CBA. *See* 29 U.S.C. § 185. Federal courts also have jurisdiction over motions to compel arbitration under the Federal Arbitration Act. 9 U.S.C. § 4. At the same time, the NLRB has primary jurisdiction over certain labor law questions, including representational issues. *United Ass'n Loc. 342 v. Valley Eng'rs*, 975 F.2d 613 (9th Cir. 1992); 29 U.S.C. § 159. Federal courts must refuse to exercise their jurisdiction when a Section 301 case primarily concerns representational issues. *United Ass'n Local 342*, 975 F.2d at 613–14.

I find that Mondelez mischaracterizes Teamsters' grievance and Teamsters does not seek to accrete the fulfillment center workers into its Portland bakery bargaining unit. First, Teamsters makes no direct argument for why the fulfillment center workers should be in its bargaining unit. *See* Pet. [ECF 1-3] Ex. C (Memorandum in Support of Petition). Instead, Teamsters argues that Mondelez outsourced bargaining unit work to the fulfillment center. *Id.* at 2 ("Respondent

4 – OPINION AND ORDER

outsourced bargaining unit work . . . ."). Second, the CBA provisions cited by Teamsters all have some relation to contracting issues. Pet. [ECF 1-3] Ex. C, at 4. At the same time, Teamsters does not cite other CBA provisions which may be violated if the fulfillment center workers were in the bargaining unit, such as the provision regarding wage rates in Article 7. Pet. [ECF 1-1] Ex. A, at 7. Teamsters' grievance primarily concerns the issues of outsourcing and failure to bargain; this court has jurisdiction over these issues both under Section 301 and under the Federal Arbitration Act. 29 U.S.C. § 185; 9 U.S.C. § 4.

## II. 12(b)(6) Motion to Dismiss for Failure to State a Claim

Mondelez argues that Teamsters' grievance is not arbitrable because the CBA does not apply to the fulfillment center workers and because the CBA does not prohibit subcontracting. Resp't's Mot. [ECF 12] at 2; Resp't's Reply [ECF 14] at 4. I deny this motion because Teamsters' Petition presents questions that are arbitrable under the CBA.

Questions of arbitrability are for the court to decide. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). In deciding whether the parties have agreed to arbitrate a particular issue, a court must not rule on the potential merits of the underlying claims. *Id.* at 649–50. When a contract contains an arbitration clause, there is a presumption of arbitrability. *Id.* at 650. This means that an order to compel arbitration should generally not be denied absent an express provision excluding a particular issue from arbitration. *Id.*

Article 17 of the CBA describes the grievance procedure and contains an arbitration clause:

> I) All grievances must be filed within ten (10) days after the occurrence or knowledge of the dispute and will be handled as follows:
> a) Between the aggrieved employee's immediate Supervisor and the aggrieved employee. The employee may request a representative from the Union, if desired.
> b) If not satisfactorily adjusted, the aggrieved employee will reduce the grievance to writing and it shall be taken up between the Manager and a properly designated Union Representative.

5 – OPINION AND ORDER

> c) In the event that the grievance or dispute is not satisfactorily settled within two (2) weeks under the above procedure, either party may, within thirty (30) days, give written notice to the other party of its desire to arbitrate the dispute. Such notice shall state clearly the issues proposed to be arbitrated and the party to whom the notice is given shall have the right, within one (1) week after receipt of said notice, to serve on the other party its statement in the matter to be arbitrated. If the parties fail to agree on a mutually acceptable arbitrator, the parties shall request the Mediation and Conciliation Service to submit a list of five (5) arbitrators from which the parties shall select a mutually satisfactory arbitrator who shall properly arbitrate the dispute. The arbitrator shall have no power to add to, subtract from or modify any of the terms of this Agreement. The decision of the arbitrator shall be final and binding upon the parties hereto. The compensation of the arbitrator shall be borne equally by the Employer and the Union.

Pet. [ECF 1-1] Ex. A, at 13. This provision does not specify or limit the types of disputes that are subject to arbitration.

The issue Teamsters seeks to submit to arbitration is whether Mondelez violated various provisions of the CBA when it opened its fulfillment center because bargaining unit work is done at the center. Pet. [ECF 1] at 3. This question requires interpretation of the CBA. For its part, Teamsters plausibly argues that the CBA requires Mondelez "to assign bargaining unit work to bargaining unit members," and that Mondelez outsourced bargaining unit work to the fulfillment center. *See* Pet'r's Resp. [ECF 13] at 6. Therefore, I find that Teamsters' grievance is arbitrable.

Mondelez argues that this dispute is not arbitrable because the CBA does not apply to workers at the fulfillment center who are not doing bargaining unit work.[1] If the CBA does not apply, Mondelez argues, the grievance and arbitration provisions do not apply, and this Court cannot require Mondelez to arbitrate the dispute. Resp't's Mot. [ECF 12] at 2. Mondelez again mischaracterizes the relevant issue. Teamsters' Petition does not rely on the fact that the CBA applies in full to the fulfillment center workers because it is possible to grieve an outsourcing complaint without accreting the new workers into an existing bargaining unit. *See, e.g.,*

---

[1] The CBA does not define bargaining unit work aside from Article 7, which provides wage rates for two classifications, "Shipping & Rec. Clerk," and "Fork Lift Truck Operator." Pet. [ECF 1-1] Ex. A, at 8.

6 – OPINION AND ORDER

*Amalgamated Clothing & Textile Workers Union, AFL-CIO-CLC v. Ratner Corp.*, 602 F.2d 1363 (9th Cir. 1979). Whether the fulfillment center workers are doing bargaining unit work and whether this violates the CBA are both arbitrable issues.

In its Reply, Mondelez argues that the grievance is not arbitrable because the CBA does not prohibit outsourcing or subcontracting. Resp't's Reply [ECF 14] at 4. This argument is not persuasive because Teamsters plausibly argues that Article 1 of the CBA prevents assigning bargaining unit work to other parties. Pet. [ECF 1-1] Ex. A, at 2 ("Only bargaining unit employees will do bargaining unit work, except as provided herein."). This is sufficient to survive the motion to dismiss. *See Ashcroft*, 556 U.S. 662.

## CONCLUSION

For the reasons given above, I DENY the Motion to Dismiss [ECF 12].

IT IS SO ORDERED.

DATED this 27th day of November, 2023.

MICHAEL W. MOSMAN
Senior United States District Judge

7 – OPINION AND ORDER